FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 03 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

NEDAH HASSAN,

                                        PLAINTIFF,                **COMPLAINT**

                                                                  **ECF CASE**

                -AGAINST-

NEW YORK CITY and POLICE OFFICER CEGELSKI,          **CV11 - 5382**
individually, and in his capacity as a member of the New
York City Police Department.                        WEINSTEIN, J.

                                        DEFENDANTS.

                                                    CARTER, M.J.

---------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.  This is a civil action in which plaintiff, Ms. Nedah Hassan ("Ms. Hassan"), seeks

    relief for the violation of her rights secured by 42 USC 1983, the Fourth and

    Fourteenth Amendments to the United States Constitution.

2.  The claim arises from an incident that occurred on or about September 14, 2011, in

    which an officer of the New York City Police Department acting under color of state

    law, intentionally and willfully subjected Ms. Hassan to an unreasonable search and

    seizure.

3.  Plaintiff seeks monetary damages (special, compensatory, and punitive) against

    defendants and an award of costs and attorneys' fees, and such other and further relief

    as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Ms. Hassan is a United States citizen and at all times here relevant resided at 144-53 28th Avenue, Flushing, NY 11354

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Cegelski ("PO Cegelski") (Shield #20126) at all times here relevant was a member of the New York City Police Department, and is sued in his individual and professional capacity.

9. At all times mentioned, defendants were acting under color of state law under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Ms. Hassan is 32 years old and lives with her three brothers in a second floor apartment.

11. Ms. Hassan is responsible for the upkeep of their home and takes care of all the domestic household duties.

12. Emil Vlassopoulous, Ms. Hassan's ex-boyfriend, has an order of protection against her.

13. On or about September 14, 2011, at approximately 10:30 am, PO Cegelski knocked on the door of Ms. Hassan's home.

14. Mr. Wesam Hassan ("Wesam"), one of Ms. Hassan's brothers, answered the door to PO Cegelski.

15. PO Cegelski asked to speak to Ms. Hassan.

16. Wesam informed PO Cegelski that Ms. Hassan was upstairs and that he would go to get her.

17. Wesam instructed PO Cegelski not to enter the building.

18. Wesam requested that PO Cegelski stay at the door while he went to get Ms. Hassan.

19. PO Cegelski refused to comply with the request and followed Wesam into the foyer.

20. Wesam again informed PO Cegelski that he would get Ms. Hassan from upstairs and again requested that PO Cegelski remain where he was.

21. PO Cegelski again refused to comply with the request and followed Wesam upstairs.

22. Wesam told PO Cegelski, " I have told you twice, do not come into our home."

23. PO Cegelski ignored Wesam's instructions and followed Wesam into their home.

24. PO Cegelski informed Ms. Hassan that she needed to accompany him to the police precinct.

25. Ms. Hassan requested that she be allowed to go to the bathroom.

26. PO Cegelski refused to allow Ms. Hassan to go to the bathroom.

27. Ms. Hassan informed PO Cegelski that she needed to get a tampon from her bedroom.

28. PO Cegelski again refused her request and blocked her access to the bedroom.

29. Without warning or legal justification, PO Cegelski grabbed Ms. Hassan and pushed her to the floor.

30. Ms. Hassan fell to the floor, hitting her side and back off a dresser.

31. PO Cegelski grabbed Ms. Hassan by the arms and proceeded to drag her across the room.

32. Ms. Hassan's brothers shouted at PO Cegelski to leave her alone.

33. PO Cegelski called for more Police Officers.

34. Two police officers then arrived at the Hassan's home and proceeded to push Ms. Hassan's brothers.

35. One of Ms. Hassan's brothers tried to video tape the incident and was arrested by the police officers.

36. Ms. Hassan was arrested and taken to the local Precinct.

37. Ms. Hassan was then taken to Flushing Hospital Medical Center where she was treated for the injuries she sustained to her neck, back and arms.

38. The Judge who arraigned Ms. Hassan was appalled by Ms. Hassan's injuries.

39. Ms. Hassan continues to feel traumatized by the events of September 14, 2011, and is wary and fearful when she sees NYPD officers. Ms. Hassan takes efforts to avoid police officers when in public.

40. As a result of the incident, Ms. Hassan suffered neck pain, lower back pain, and soft tissue injuries to her arms, legs and lower back and severe bruising to her arms, legs and lower back.

41. Ms. Hassan feels fear, anxiety, emotional distress, frustration, embarrassment, humiliation, loss of liberty, and financial loss as a result of the incident.

## FIRST CAUSE OF ACTION

### (42 USC 1983 – Excessive Force)

42. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

43. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

44. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

45. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limits of this court.


## JURY DEMAND

46. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limits of this Court;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            November 1, 2011

By:      _____

           Duncan Peterson
           PetersonDelleCave LLP
           Attorney for Plaintiff
           233 Broadway, Suite 1800
           New York, NY 10279
           (212) 240-9075