FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 27 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
Nedah Hassan,

    Plaintiff,

v.

New York City, Police Officer Cegelski,
Police Officer Dorado, Police Officer
Hamid,

    Defendants.
-----------------------------------------------------X

**REPORT & RECOMMENDATION**
11cv5382 (JBW) (VMS)

*Approved and so ordered, no objection having been filed.*
*Jack B. Weinstein*
*2/26/14*

**Vera M. Scanlon, United States Magistrate Judge:**

In November 2011, Plaintiff Nedah Hassan ("Plaintiff") commenced this action, alleging that two New York City police officers, Officer Cegelski and Officer Dorado, and the City of New York (together, "Defendants") violated her constitutional and state law rights in connection with her arrest in September 2011. ECF [1, 24, 26]. Plaintiff's counsel informed the Court that Plaintiff had accepted Defendants' Rule 68 offer of judgment. ECF [31]. The judgment left the issue of attorneys' fees and costs open for the Court to decide if the Parties could not come to an agreement as to fees and costs. Counsel were unable to resolve the issue between themselves, and they have asked the Court to resolve it. ECF [31, 33, 34, 35, 38, 42, 43, 44, 45]. Plaintiff now requests $74,673.00 in fees and costs, ECF [42], while Defendants argue that Plaintiff should be awarded attorney's fees no greater than $44,000.00.

For the reasons stated below, I respectfully recommend that Plaintiff's counsel be awarded $47,183.75 in fees and $553.00 in costs as full payment of the attorneys' fees and costs provision of the accepted Rule 68 offer of judgment.

1

The prevailing method for determining a fee award is the lodestar method or its variants, by which the court multiples a reasonable hourly rate by the reasonable number of hours expended. See Perdue v. Kenny A., 559 U.S. 542, 546, 551 (2010); Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011); see Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 598 n.16 (2010) (noting without criticism that many courts apply the lodestar method to calculate attorney's fees under the FDCPA).[2] "[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." Perdue, 559 U.S. at 552. In determining this rate, the district court should consider multiple factors, including the complexity of the case and the quality of counsel's representation. See Arbor Hill, 522 F.3d at 183. The calculation of a reasonable fee is within the district court's discretion. See Millea, 658 F.3d at 166. The burden is on the party seeking the fee award to prove that the requested fees and hours are reasonable. See Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

A reasonable hourly rate is determined based on current market rates "for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); see Matusick v. Erie Cnty. Water Auth., 739 F.3d 51, 84 (2d Cir. 2014); Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006) (stating that the court must use current prevailing rates for that court's district).

---

[2] Defendants would have it that with Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 493 F.3d 110 (2d Cir. 2007), the Second Circuit did away with the lodestar method. ECF [35] at 2. Given that the Supreme Court and the Second Circuit have approved of lodestar fee awards since Arbor Hill, I apply the lodestar calculation. But see Grossman v. Alfar, No. 12 Civ. 1679 (HB), 2013 WL 2149995, at *1 (S.D.N.Y. May 17, 2013) (District Judge Baer noting that "[h]appily, the lodestar method of calculating attorneys fees in no longer in vogue," and calculating fee award by finding a reasonable hourly rate multiplied by the number of hours reasonably spent on the ligitation).

3

describing their legal experience. ECF [45]. Plaintiff's attorneys are the principals in their eponymous firm, Peterson Delle Cave. They were both admitted to the New York bar in 2006.[4] At the start of their respective careers, Mr. Peterson worked with the New York City Law Department, while Mr. Delle Cave worked with the New York County District Attorney's Office.[5] After approximately three years with these government agencies, they formed their own firm in 2009.

Plaintiff's attorney's proposed rate of $400.00 is outside the acceptable current range for attorneys practicing in this District with only seven years of experience. Rates of $400.00 an hour and above are reserved for attorneys with more significant experience, or for stellar performance of attorneys in difficult cases, neither of which is present here.[6]

---

[4] Information available in the Attorney Directory of the website of the New York State Unified Court System. See http://iapps.courts.state.ny.us/attorney/AttorneySearch (enter counsels' names in the search fields).

[5] Mr. Peterson's letter states that he "joined the New York City Law Department in 2005," ECF [38] at 1, but the relevant date is when he was admitted to practice law in New York State, which was not until the following year.

[6] See United States v. City of N.Y., No. 07 Civ. 2067 (NGG) (RLM), 2013 WL 5542459, at *8 (E.D.N.Y. Aug. 30, 2013) (in a case requiring "extraordinary effort and skill," applying a rate of $550.00 per hour for four partners' work and a rate of $450.00 per hour for the work of an attorney with only twelve years of experience); Gray v. Toyota Motor Sales, U.S.A., Inc., No. 10 Civ. 3081 (JS) (ETB), 2013 WL 3766530, at *5 (E.D.N.Y. July 16, 2013) (applying a rate of $450.00 per hour for an attorney with fifteen years of experience); Mariani v. City of N.Y., No. 12 Civ. 288 (NG) (JMA) (E.D.N.Y. July 1, 2013) (ECF No. 20) (approving a $425.00 hourly rate for an attorney with seventeen years of experience); Blount v. City of N.Y., No. 11 Civ. 0124 (BMC), 2011 WL 8174137, at *1 (E.D.N.Y. Aug. 12, 2011) (approving a $425.00 hourly rate because "[c]ourts in this district have approved hourly rates exceeding $400.00 for high-caliber civil rights attorneys"; the action "was more complicated than the usual § 1983 case, with the allegations stemming from two separate incidents and with an unusual volume of underlying documents"; and counsel "has over fifteen years of experience, appearing in more than 150 federal lawsuits, including numerous actions before this Court in which he has performed ably"); Libaire v. Kaplan, No. 06 Civ. 1500 (DRH) (ETB), 2011 WL 7114006, at *4 (E.D.N.Y. June 17, 2011) (applying a rate of $475.00 per hour for an attorney with thirty years of experience and $450.00 per hour for an attorney with eighteen years of experience), report & recommendation adopted as modified, No. 06 Civ. 1500 (DRH) (ETB), 2012 WL 273080 (E.D.N.Y. Jan. 30,

property law and "was a very effective advocate for her client," was awarded an hourly rate of $325.00.[8]

There is no straight line between years of practice and skill; in fact, it has been said that "[e]xperience is the name that everyone gives to their mistakes."[9] Yet, in the practice of law, there is little substitute for the knowledge and skills that an attorney can develop over time through active litigation—in depositions, in negotiations, in the courtroom—and clients are willing to pay for the benefit of that experience. As such, the hourly rates awarded in this District have a steady upward relation between the number of years of specialized practice and the hourly rates awarded. Here, while Plaintiff's attorneys are not novices, they have yet to practice law in New York for a decade. Accordingly, they do not merit an hourly rate of $400.00 in this case.

Hourly rates may also be curtailed where the work involved was not overly complex or difficult.[10] See Estiverne v. Esernio-Jenssen, 908 F. Supp. 2d 305, 312 (E.D.N.Y. 2012)

---

[8] See Joseph v. HDMJ Restaurant, Inc., No. 09 Civ. 240 (JS) (AKT), 2013 WL 4811225, at *20 (E.D.N.Y. Sep't 9, 2013) (awarding rates of $350.00 per hour for partners and $200.00 for associates on an ADA case); Shariff v. Alsaydi, No. 11 Civ. 6377 (FB) (SMG), 2013 WL 4432218, at *5-6 (E.D.N.Y. Aug. 15, 2013) (awarding $325.00 per hour for a solo practitioner with eleven years of experience, almost all spent litigating disability discrimination and civil rights cases); Chen v. County of Suffolk, 927 F. Supp. 2d 58, 73 (E.D.N.Y. 2013) (reducing hourly rate from $400.00 to $350.00 for experienced solo practitioner with limited federal civil rights experience).

[9] Oscar Wilde, Lady Windermere's Fan [1892], Act III.

[10] See, e.g., Man Wei Shiu v. New Peking Taste, Inc., No. 11 Civ. 1175 (NGG), 2013 WL 2351370, at *13 (E.D.N.Y. May 28, 2013) (awarding $275.00 hourly fee to attorney with ten years' experience in FLSA cases and $225.00 per hour to a mid-level associate); Sacardi v. Green Field Churrascaria, Inc., No. 10 Civ. 5605 (BMC), 2012 WL 4979195, at *1 (E.D.N.Y. Oct. 17, 2012) (awarding $275.00 per hour to an associate with nine years of experience in an FLSA and NYLL matter); La Barbera v. Les Sub-Surface Plumbing, Inc., No. 03 Civ. 6076 (BMC), 2006 WL 3628024 (E.D.N.Y. Dec. 11, 2006) (awarding $250.00 per hour in fees for an associate with six years of experience on an unopposed fees motion in an FLSA and NYLL case).

significance of what counsel found is not obvious, as Plaintiff did not discuss the I-card in the complaints. ECF [1, 9, 11, 24]. In any event, an "I-card" is by definition not a warrant, but rather an internal notice system used by the New York City Police Department to inform officers about witnesses and arrest targets. See, e.g., Henning v. City of N.Y., No. 09 Civ. 3998 (ARR) (LB), 2012 WL 2700505, at *1 n.2 (E.D.N.Y. July 5, 2012); People v. Davis, 964 N.Y.S.2d 61 (N.Y. Sup. Kings Cty. 2012) (Table); People v. Diaz, 943 N.Y.S.2d 793 (N.Y. Sup. Bronx Cty. 2011) (Table) (an I-card is "a device detectives use to notify patrol officers that a person is wanted for questioning either as a witness or a suspect").

In light of the prevailing rates for attorneys with similar levels of experience and sophistication, concentration and work in the Eastern District, and the lack of complexity in the case, as well as Defendants' counsel's agreement, I respectfully recommend that the Court accept Defendants' proposal that an appropriate hourly rate for Mr. Peterson is $325.00. I also respectfully recommend that his law partner Mr. Delle Cave be awarded the same hourly rate.[11]

## II. Paralegal's Hourly Rate

Plaintiffs' attorneys' requested rate of $125.00 per hour for their paralegal Mr. Anderson is well above the usual rate awarded for such services in this District.[12] In this district, an hourly

---

[11] Defendants argue that while Mr. Peterson should be compensated at $325.00 per hour, Mr. Delle Cave's rate should be further discounted to $285.00 because his initial years of practice were with the New York County Office of the District Attorney and not the Office of the Corporation Counsel. ECF [35] at 5. This contention is without merit. Defendants offer no valid reason to value a new lawyer's litigation training experience with the New York City Law Department more highly than that with the New York County District Attorney's Office. Mr. Delle Cave's seeming contribution to this police misconduct case was his familiarity with NYPD procedures, and had the case gone to trial, his likely greater courtroom experience would have been helpful. It is appropriate to compensate these two law partners who entered the New York bar in the same year at the same hourly rate.

[12] See, e.g., Eastern Sav. Bank, FSB v. Strez, No. 11 Civ. 1543 (ENV) (LB), 2013 WL 6834806, at *5 (E.D.N.Y. Dec. 20, 2013) (awarding $80.00 per hour for paralegal in case involving

Plaintiff became too distressed to proceed, 3) Plaintiff's request for "fees on fees," and 4) Plaintiff's counsel's allegedly inefficient discovery review. ECF [35]. Defendants do not take a definite position on the number of hours for which Plaintiff's counsel should be compensated, but they suggest that Plaintiff's attorneys' fee award should be no greater than $44,000.00, ECF [35] at 8.

As to the delay in the deposition in the spring and summer of 2012, the record is conflicted as to who was responsible for it. Defendants claim that the initial deposition was delayed on minimal notice by Plaintiff's counsel on May 13, 2012.[13] ECF [35] at 5-6. Defendants also claim that the deposition was rescheduled twice before it was held, both times at Plaintiff's request. Id. at 6. In contrast, Plaintiff claims that Defendants' counsel requested the delay when Plaintiff's counsel refused to permit questioning about an open criminal case. ECF [38] at 3. Plaintiff's attorneys' time records make reference to a deposition taking place on May 23, 2012, and a deposition transcript received in July, suggesting that the deposition had commenced. ECF [42-1] at 4. The deposition was not finished until January 2013, after motion practice before the undersigned. ECF [42-1] at 8. Given the conflicting record and that the amount of time spent resolving the deposition scheduling issues was minimal, it is unnecessary for the Court to find that Plaintiff's attorneys should not be compensated for these hours.

More importantly, Plaintiffs' counsel admits that the deposition was twice postponed because of his client's psychological stress, but he argues that her illnesses "did not affect the fact that I still had to prepare for each instance as if the deposition were going forward." Id. Plaintiff's attorneys' timesheets list multiple instances of preparation for Plaintiff's deposition:

---

[13] In Defendants' letter of May 8, 2013, ECF [35] at 5-6, Defendants complain about certain hours claimed by Plaintiff relating to rescheduling her deposition. In Plaintiff's July submission, those hours do not appear to be claimed. ECF [42-1] at 4.

11

required the setting of fees. Nonetheless, the seven hours requested for "fees on fees" do not appear entirely reasonable. Four hours were spent on Plaintiff's June 4, 2013 letter which outlines Plaintiffs' counsel's professional history and the contentious nature of the litigation, including personally trying interactions between counsel. ECF [38]. Given Mr. Peterson's intimate familiarity with these issues, this letter should not have taken four hours to write; two hours should have been sufficient to prepare it. Similarly, Plaintiff's counsel's July 22, 2013 one-page letter in which Plaintiff reduced the request for fees from $87,453.00 to $74,673.00 does not appear to be the product of two hours of work. ECF [42]. Although Plaintiff's affirmative effort to take into account Defendants' position regarding billing rates and other objections should be positively acknowledged, the July letter is more accurately considered a correction to Plaintiff's initial request for fees than a new piece of legal work; as such, Defendants should not have to pay for Plaintiff's correction. Accordingly, I recommend reducing Plaintiff's request for compensable time for "fees on fees" from seven hours to three hours.

Additionally, Defendants argue that Mr. Peterson did not conduct his discovery review of documents quickly or efficiently enough. ECF [35] at 6-7. It does appear that the 40.5 hours Mr. Peterson and Mr. Delle Cave spent reviewing Defendants' approximately 550 pages of Rule 26 disclosures, along with one videotape, were excessive and unreasonable, given the limited scope of document discovery in this straightforward police misconduct case and the early stage at which it settled. See ECF [42-1]:

five hours on April 23, 2012;

five hours on May 18, 2012;

eight hours on May 19, 2012;

13

the Court thoroughly discussed the requirements of a Monell claim at the October 23, 2012 discovery conference, discovery was limited in the first instance to discovery about the named Defendants, and broad Monell discovery did not proceed. ECF [11/05/12 Order]. The 24 hours spent on this issue which had minimal play in the discovery process and limited conceptual support were unnecessary to the progress and conclusion of the case. It would be unreasonable to require Defendants to compensate Plaintiffs for all of this time. Accordingly, I recommend that these hours be reduced by half so that only 12 hours of Plaintiff's counsels' time be compensated.

Finally, Defendants argue that Mr. Delle Cave's 22.5 should hours be reduced. His hours have already been reduced above to the extent that he also reviewed the discovery and Monell-related research. Although Mr. Delle Cave's hours do in part duplicate other work that Mr. Peterson performed, it is reasonable for counsel on the same case to review some of the same information and materials, and to consult with each other. See Marathon Ashland Petroleum LLC v. Equili Co., L.P., No. 00 Civ. 2935 (JSM) (KNF), 2003 WL 21355216, at *2 (S.D.N.Y. June 10, 2003) ("[T]he number of hours devoted to . . . conferences between and among defendants' attorneys was essential to the competent preparation for and conduct of the depositions . . . ."); Bowne of N.Y.C., Inc. v. AmBase Corp., 161 F.R.D. 258, 268 (S.D.N.Y. 1995) (finding it was "contrary to law" for the magistrate judge to not reimburse counsel "for any intra-firm meeting time," but it was appropriate to reduce excessive conference time). Given Mr. Delle Cave's experience in the District Attorney's Office, and presumably his knowledge of police procedure, it was particularly reasonable to have him review some of the document disclosure. As I do not find Mr. Delle Cave's participation in this case to be excessive, I do not recommend that his hours be reduced any further.

15

V.  **Objections**

Written objections to this report and recommendation must be filed within fourteen days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Dated: Brooklyn, New York
February 10, 2014

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge